Filing # 141842209 E-Filed 01/12/2022 12:05:19 PM

IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

BRITTANY MACON,
an individual,

        Plaintiff,

v.

                                                  Case No.:

MIDLAND CREDIT MANAGEMENT, INC.
a foreign entity,

        Defendant.
_____/

## COMPLAINT WITH JURY TRIAL DEMAND

**COMES NOW**, Plaintiff, BRITTANY MACON (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, MIDLAND CREDIT MANAGEMENT, INC. (hereinafter, "Defendant"). In support thereof, Plaintiff alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Florida Consumer Collections Practices Act, Chapter 559, Florida Statutes (hereinafter, "FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq.* (hereinafter "FDCPA"), wherein Defendant unlawfully transmitted Plaintiff's personal information to a third-party in an attempt to collect a consumer debt.

## JURISDICTION, PARTIES, AND VENUE

2. This is an action for damages that exceeds $8,000.00 but is less than $15,000.00, exclusive of attorneys' fees and costs.

3. Jurisdiction and venue for purposes of this action are conferred by the FCCPA and the FDCPA.

4. At all material times herein, the conduct of Defendant, complained of below, occurs in Hillsborough County, Florida.

5. At all material times herein, Plaintiff is an individual residing in Hillsborough County, Florida.

6. At all material times herein, Defendant does business in Hillsborough County, Florida.

7. At all material times herein, Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

8. At all material times herein, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FCCPA AND FDCPA STATUTORY STRUCTURE

9. The FCCPA is a state consumer protection statute, modeled after the FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy. 15 U.S.C., §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5).

10. The FDCPA imposes civil liability on any debt collector—and the FCCPA imposes liability on any creditor/person as well as any debt collector—who "uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts. 15 U.S.C. § 1692(a)(6); Fla. Stat. § 559.55(5).

11. Specifically, the FDCPA and FCCPA prohibit unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information

regarding a debt *directly or indirectly* to any person *through any medium.*" 15 U.S.C. § 1692a(2); Fla. Stat. § 559.55(2) (emphasis added).

12.     For example, the FDCPA prohibits a debt collector from transmitting a debtor's personal information to a third-party. *See* 15 U.S.C. §1692c(b). *See also Hunstein v. Preferred Collection & Mgmt. Servs.*. No. 19-14434, 2021 U.S. App. LEXIS 11648 (11th Cir. Apr. 21, 2021).

13.     Similarly, Pursuant to Section 559.72(5) of the FCCPA, in collecting consumer debts, no person shall: "[d]isclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false." Fla Stat. § 559.72(5).

## GENERAL ALLEGATIONS

14.     At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by the FCCPA and the FDCPA.

15.     At all material times herein, Defendant is a "creditor" as defined by the FCCPA.

16.     At all material times herein, Defendant is a "debt collector" as defined by the FCCPA and FDCPA.

17.     At all material times herein, Defendant attempts to collect a consumer debt, including but not limited to a personal loan with Defendant (hereinafter, the "Debt").

18.     At all material times herein, the Debt is a consumer debt, an obligation resulting from transactions for goods or services incurred primarily for personal, household, or family use.

19.     At all material times herein, Defendant is a "person" subject the FCCPA. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

3

20. At all material times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by the FCCPA and the FDCPA.

21. At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

22. All necessary conditions precedent to the filing of this action occurred or Defendant waived the same.

## FACTUAL ALLEGATIONS

23. On or before October 6, 2021, Defendant transmitted Plaintiff's highly sensitive and personal information to a third-party (hereinafter, "Third-Party").

24. The highly sensitive and personal information Defendant transmitted to the Third-Party included, but was not limited to: [1] Plaintiffs name; [2] Plaintiffs address; [3] the existence of the Debt; [4] the amount of the Debt; [5] the creditor of the Debt; [6] that Plaintiff was the alleged debtor of the Debt; and [7] that Plaintiff did not pay the Debt and/or defaulted on the Debt (collectively, the "Transmitted Sensitive Information").

25. The Third-Party, to whom Defendant transmitted Plaintiff's Transmitted Sensitive Information, compiled Plaintiff's personal information and prepared a letter that was to be sent to Plaintiff in an attempt to collect the Debt.

26. The Transmitted Sensitive Information affected Plaintiff's reputation. For example, the transmission of such information affected Plaintiff's reputation regarding the repayment of debts, Plaintiff's reputation of truthfulness, Plaintiffs reputation of solvency, Plaintiff's reputation regarding trustworthiness, and Plaintiff's reputation regarding creditworthiness.

27. Defendant's transmission of Plaintiff's Transmitted Sensitive Information to the Third-Party was a communication in connection with the collect of the Debt.

28. On October 6, 2021, Defendant, via the Third-Party, caused a collection letter (hereinafter, "Collection Letter") to be sent directly to Plaintiff in attempts to collect the Debt. A true and correct copy of the Collection Letter is attached as **Exhibit A.**

29. Defendant's transmission of Plaintiff s Transmitted Sensitive Information to the Third-Party is an explicit violation of Section 1692c(b) of the FDCPA. *See Hunstein v. Preferred Collection & Mgmt. Servs.*. No. 19-14434, 2021 U.S. App. LEXIS 11648 (11th Cir. Apr. 21, 2021).

30. The Collection Letter contains a bar code and/or Quick Response ("QR") code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Collection Letter to Plaintiff.

31. For Defendant to maintain a valid consumer collection agency license with the Florida Department of State (to lawfully collect, or attempt to collect, consumer debts from Florida consumers) Defendant knew it was required to tailor its (Defendant's) debt collection methods to follow both the FDCPA and FCCPA.

32. Defendant knew that the Transmitted Sensitive Information constituted an unlawful transmission of Plaintiff's highly sensitive and personal information in violation of Section 1692c(b) of the FDCPA.

33. The Third-Party did not have any legitimate business need for the Transmitted Sensitive Information, because disclosing the Transmitted Sensitive Information to a Third Party constituted an unlawful transmission of Plaintiff's highly sensitive and personal information in violation of Section 1692c(b) of the FDCPA by Defendant. In other words, Defendant cannot argue

the Third Party had a "legitimate business need" for Plaintiff's highly sensitive and personal information illegally disclosed without lawful justification or Plaintiff's consent.

34. Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, an award of attorneys' fees, and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

35. The FDCPA provides for the award of up to $1,000.00 statutory damages, actual damages, an award of attorneys' fees, and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

36. Plaintiff retained Undersigned Counsel to pursue this matter against Defendant, and Plaintiff is obligated to pay Undersigned Counsel reasonable attorneys' fees and costs with respect to the ssame.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICES –**
**VIOLATION OF FLORIDA STATUTES, SECTIONS 559.72(5)**

Plaintiff re-alleges paragraphs one (1) through thirty-six (36) as if fully restated herein and further states as follows:

37. Pursuant to Section 559.72(5) of the FCCPA, in collecting consumer debts, no person shall: "[d]isclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false." Fla Stat. § 559.72(5).

38. As set forth above, Defendant unlawfully transmitted Plaintiff's highly sensitive and personal information, by and through the Transmitted Sensitive Information, to the Third-Party, whereby said transmitted information affected Plaintiff's reputation because the Third -Party did not

have any legitimate business need for unlawfully transmitted highly sensitive and personal information of Plaintiff.

39.    Defendant cannot argue the Third Party had a "legitimate business need" for Plaintiff's highly sensitive and personal information illegally disclosed without lawful justification or Plaintiff's consent.

40.    As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF 15 UNITED STATES CODE, SECTIONS 1692c(b)

Plaintiff re-alleges paragraphs one (1) through thirty-six (36) as if fully restated herein and further state as follows:

41.    Pursuant to Section 1692c(b) of the FDCPA, "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor or the attorney of the debt collector." 15 U.S.C. 1692c(b).

42.    As set forth above, Defendant's transmission of Plaintiff's highly sensitive personal information to the Third-Party violates Section 1692c(b) of the FDCPA. *See Hunstein*, No. 19-14434, 2021 U.S. App. LEXIS 11648 (stating "[w]e hold (1) that a violation of § 1692c(b) gives rise to a concrete injury in fact under Article III and (2) that the debt collector's transmittal of the consumer's personal information to its dunning vendor constituted a communication 'in connection with the collection of any debt' within the meaning of § 1692c(b).")

43.    Accordingly, Defendant violated Section 1692c(b) of the FDCPA when it transmitted Plaintiff's highly sensitive and personal information to the Third-Party.

44.     As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by 15 United States Code, Section 1692k.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

   a. Judgment against Defendant declaring that Defendant violated the FCCPA;

   b. Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

   c. Judgment against Defendant for maximum statutory damages for violations of the FDCPA;

   d. Actual damages;

   e. An award of attorneys' fees and costs; and

   f. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

Respectfully submitted,

SWIFT, ISRINGHAUS & DUBBELD, P.A.

*/s/ Jon P. Dubbeld*
**Jon P. Dubbeld, Esq., FBN 105869**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Aaron M. Swift, Esq., FBN 0093088**
Swift, Isringhaus & Dubbeld, P.A.
8380 Bay Pines Blvd.
St. Petersburg, FL 33709
Phone: (727) 755-3676
Fax: (727) 255-5332
jdubbeld@swift-law.com
aswift@swift-law.com
jisringhaus@swift-law.com
*Attorneys for Plaintiff*

8